# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

DANIEL SCOTT,

    Plaintiff,

vs.

CITY OF HENDERSON, et al.,

    Defendants.

Case No. 2:09-CV-02005-RLH-(PAL)

**ORDER**

    Before the court is plaintiff's civil rights complaint pursuant to 42 U.S.C. § 1983. The court has reviewed it, and the court finds that it requires amendment.

    Pursuant to the Prison Litigation Reform Act of 1995 (PLRA), federal courts must dismiss the claim of a plaintiff proceeding in forma pauperis, if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e). Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. North Star Intern. v. Arizona Corp. Comm'n, 720 F.2d 578, 580 (9th Cir. 1983). In considering whether plaintiff has stated a claim upon which relief can be granted, all material allegations in the complaint are accepted as true and are to be construed in the light most favorable to the plaintiff. Russell v. Landrieu, 621 F.2d 1037, 1039 (9th Cir. 1980). Allegations of a pro se complainant are held to less stringent standards than formal pleadings drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam).

Plaintiff's allegations, in full, are:

> The property police officers William Berry Hp 1205, Kerry Frampton Hp 1212, Zahnow Hp 1277, and Youngblood Hp 1454 seized property from my home that was not stolen. They had serial numbers for all the items. I bought some of the items and some were gifts from family members.

Compl., p. 4. Plaintiff attached a list of the items seized. However, plaintiff has not alleged any facts that could lead the court to conclude that the seizure was unlawful, or that the seizure was lawful pursuant to a criminal investigation. If there was a criminal investigation, plaintiff does not allege what the ultimate outcome of that investigation was. In short, Plaintiff's allegations are too vague and conclusory to state a claim upon which relief can be granted. <u>Jones v. Community Redevelopment Agency</u>, 733 F.2d 646, 649 (9th Cir. 1984).

IT IS THEREFORE ORDERED that the clerk of the court shall file the complaint.

IT IS FURTHER ORDERED that the complaint is **DISMISSED** for failure to state a claim upon which relief can be granted, with leave to amend. The clerk shall send to plaintiff a civil rights complaint form with instructions. Plaintiff will have thirty (30) days from the date that this order is entered to submit his amended complaint, if he believes that he can correct the noted deficiencies. Failure to comply with this order will result in the dismissal of this action.

IT IS FURTHER ORDERED that plaintiff shall clearly title the amended complaint as such by placing the word "AMENDED" immediately above "Civil Rights Complaint Pursuant to 42 U.S.C. § 1983" on page 1 in the caption, and plaintiff shall place the case number, 2:09-CV-02005-RLH-(PAL), above the word "AMENDED."

DATED: June 16, 2010.

ROGER L. HUNT
Chief United States District Judge